IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RUDY L. BENTANCOURT *INDIVIDUALLY* AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | § § § § § | CIVIL ACTION NO. 2:21-cv-241 JURY |
| vs. | § § | |
| CITY OF CORPUS CHRISTI, TEXAS | § | |

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**NOW COMES** Rudy L. Bentancourt ("Plaintiff"), on behalf of himself and all others similarly situated, hereby filing this, his *Plaintiff's Original Collective Action Complaint* against his former employer, the City of Corpus Christi, Texas ( hereinafter occasionally referred to as "Defendant" or "City"), showing in support thereof as follows:

### I. INTRODUCTION AND NATURE OF ACTION

1.   Age discrimination in employment is forbidden by the Age Discrimination in Employment Act of 1967 ("ADEA"). This is an action brought under the ADEA, 29 U.S.C. § 621 *et seq*. The ADEA incorporates by reference certain provisions of the Fair Labor Standards Act ("FLSA"),[1] including the FLSA's enforcement provisions permitting employees to bring collective ADEA actions on behalf of themselves, as well as other employees who are similarly situated. 29 U.S.C.§ 626(b).[2] Plaintiff files this lawsuit on behalf of himself, and as a putative collective action on behalf of all other similarly situated employees of Defendant.

---

[1] 29 U.S.C. § 201 *et seq*.
[2] § 216(b).

2. Plaintiff now seeks damages on behalf of himself and the putative Collective Action Members as the result of Defendant's refusal to pay Plaintiff, as well as other similarly situated former employees of the City, for accrued, unused sick hours, as directed by, and pursuant to, Chapter 39, Article III, of the Code of Ordinances of the City of Corpus Christi, Texas, Section 39-339.

## II. JURISDICTION, VENUE & CONDITIONS PRECEDENT

3. In this action, Plaintiff alleges violations of the ADEA, as well as the Texas Commission on Human Rights Act ("TCHRA"). This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question). This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, Corpus Christi Division, as this is the district where the claims arose in accordance to 29 U.S.C. § 1391(b).

4. Defendant is an employer within the meaning of the Texas Commission on Human Rights Act, Tex. Lab. Code §§ 21.001 *et seq.*, and the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621 *et seq*.

5. Plaintiff timely filed his Notice of Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), charge number 451-2021-02331. On July 15, 2021, Plaintiff received his *Dismissal and Notice of Rights* from the EEOC. Plaintiff has therefore complied with all conditions precedent and exhausted all administrative remedies prior to filing suit. Plaintiff now timely files this, his *Plaintiff's Original Collective Action Complaint*, within ninety (90) days of receiving his *Dismissal and Notice of Rights*.

### III. PARTIES

6. Plaintiff is a resident of Corpus Christi, Nueces County, Texas.

7. Defendant is a political subdivision of the State of Texas. Service of process may be accomplished by serving its Mayor, Paulette M. Guajardo, at 1201 Leopard Street, Corpus Christi, Nueces County, Texas.

### IV. FACTS

8. Whenever, in this complaint it is alleged that any Defendant and/or person employed by Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant.

9. Plaintiff is a 47-year-old male who worked for the City of Corpus Christi for nearly 20 years. He was hired on or about December 23, 2003, and retired on or about February 5, 2021. At the time Plaintiff retired, he was the Director of Housing and Community Development and was classified as a Plan I, full-time employee.

10. Plaintiff had approximately 528.33 of accrued, unused sick hours saved when he retired. Instead of using his sick hours during his employment, Plaintiff chose to save them and cash them out upon retirement, as a form of supplemental income. His decision was wholly based on Chapter 39, Article III, of the Code of Ordinances of the City of Corpus Christi, Texas, Section 39-339(a), which reads as follows:

> a) A Plan I employee, with the exception of airport public safety officers who work shifts of twenty-four (24) hours on and forty-eight (48) hours off, who terminates due to any of the following conditions, will be eligible for payment of up to seven hundred twenty (720) hours of accumulated sick leave credit, or if base hours are less than forty (40) hours per week, on a pro rated basis that can be cashed in for the equivalent of up to three hundred sixty (360) hours, or if base hours are less than forty (40) hours per week, on a pro rated basis, of pay at the rate of the employee's last monthly salary or hourly rate: (1) when eligible for retirement

under requirements of the Texas Municipal Retirement System Act (TMRS); (2) due to disability or service retirement; (3) at age sixty (60) upon completion of a minimum of five (5) years of continuous service; or (4) upon death with payment made to the employee's designated beneficiary.[3]

11. When Plaintiff notified the City that he planned to retire, he also inquired about cashing out his accrued, unused sick hours and was told by the City that despite the clear and unambiguous language in the City Ordinance, City employees who retire and/or leave employment pursuant to Section 39-339(a) can only cash in their accrued, unused sick hours at 50 percent, with a maximum pay out of three hundred sixty (360) hours. The reasoning Plaintiff was given was that based on the ordinance, 720 hours is valued at 360 hours in the payout, which means that retirees' accrued, unused sick hours are valued only at 50 percent (because 360 is half of 720) - - - *which makes absolutely no sense*. Plaintiff was also advised that his payout for sick leave is "the way the ordinance has always been interpreted," although there was at least one instance in the recent past that the ordinance was interpreted differently and that employee was allowed to cash out her accrued, unused sick leave at 100 percent. Plaintiff was assured that the "50 percent interpretation," "is consistent with the City ordinance and past practice."

12. Plaintiff voiced his concern and objections regarding the City's "50 percent interpretation" but ultimately was only allowed to cash out 267.88 of his accrued, unused sick hours, leaving approximately 260 hours that he was never compensated for.

13. Almost immediately, Plaintiff filed his charge of discrimination with the EEOC and simultaneously sent the City a demand letter, demanding payment for the remaining sick hours, which the City didn't respond to favorably.

---

[3] The above stated version of Chapter 39, Article III, of the Code of Ordinances of the City of Corpus Christi, Texas, Section 39-339(a), was amended and approved by unanimous vote of the City Council, and signed by the City's Mayor, City Secretary and City Attorney on July 22, 2008.

14.     On or about May 25, 2021, the City proposed an amendment which amends Corpus Christi Code Chapter 39, Section 39-339, which passed on the first reading on August 10, 2021, and again on the second/final reading on August 17, 2021, when it was enacted. The amendment reads as follows:

Sec. 39-339. - Plan I payment of sick leave upon ~~termination~~ retirement or death.

> (a)     ~~A Plan I employee, with the exception of airport public safety officers who work shifts of twenty-four (24) hours on and forty-eight (48) hours off, who terminates due to any of the following conditions, will be eligible for payment of up to seven hundred twenty (720) hours of accumulated sick leave credit, or if base hours are less than forty (40) hours per week, on a prorated basis that can be cashed in for the equivalent of up to three hundred sixty (360) hours, or if base hours are less than forty (40) hours per week, on a prorated basis, of pay at the rate of the employee's last monthly salary or hourly rate: (1) when eligible for retirement under requirements of the Texas Municipal Retirement System Act (TMRS); (2) due to disability or service retirement; (3) at age sixty (60) upon completion of a minimum of five (5) years of continuous service; or (4) upon death with payment made to the employee's designated beneficiary.~~

> (a)     A Plan I employee may cash in up to 720 hours accrued sick leave at the rate of 50 percent of the employee's last monthly salary or hourly rate upon termination due to retirement under requirements of the Texas Municipal Retirement System (TMRS) Act or due to death. Payment of sick leave due to death will be paid in accordance with the Texas Estates Code.

15.     To be clear, the "50 percent interpretation" was not an "interpretation" at all, rather it was the City's attempt – a successful attempt at that – to deny its retiring/exiting employees' benefits/retirement funds. The City acted willfully and intentionally and only allowed its employees who left their employment pursuant to Section 39-339(a), to cash out their accrued, unused sick leave for half of its value, in violation of its own ordinance. It is now clearer than ever that the City acted willfully, because after Plaintiff publicly complained about being shorted hundreds of sick hours, the City prepared an amended ordinance which actually changed the existing ordinance and now says that a Plan I employee may only cash out their sick leave at 50

5

percent. Plaintiff's shortage was not a mistake or an oversite. It was a willful and intentional act which deprived Plaintiff and other similarly situated individuals of thousands – possibly hundreds of thousands – of dollars.

16. The City's violation of Corpus Christi Code Chapter 39, Section 39-339, harms its employees who leave their employment pursuant to Section 39-339 – all of whom are 40 years of age or older – by forcing them to cash out only 50 percent of their accrued, unused sick hours in violation of its own ordinance. The City has a pattern and practice of discriminatory treatment of individuals who are 40 years of age or older and/or has employment practices that create an unlawful adverse impact on individuals who are 40 years of age or older. This is class-wide discrimination that affects employees who are over 40 which is a violation of the ADEA.

## V. FIRST CLAIM FOR RELIEF: VIOLATIONS OF THE ADEA

(On Behalf of Plaintiff and Similarly Situated Individuals)

17. Plaintiff re-alleges and incorporates the above paragraphs by reference as if fully set forth herein.

18. The ADEA claims herein are brought by Plaintiff and similarly situated individuals.

19. The City's actions as described herein constitute unlawful age discrimination in violation of the ADEA.

20. Throughout the liability period, the City has engaged in a pattern and practice of discriminating against individuals who are age 40 and older by knowingly and intentionally, in the company's practices related to retirement, treating adversely individuals who are 40 years old and older, and treating preferentially individuals who are under 40 years old.

21. As a direct and proximate result of the City's intentional discrimination, Plaintiff and similarly situated individuals have been denied compensation related to employment/retirement

with Defendant.

22.     As a result of Defendant's unlawful discrimination, Plaintiff and similarly situated individuals have suffered and expect to suffer pecuniary losses, including but not limited to, lost benefits associated with their employment.

23.     As a result of Defendant's unlawful discrimination, Plaintiff and similarly situated individuals have suffered non-pecuniary losses including, but not limited to, emotional pain, suffering, inconvenience, personal humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

24.     Defendant acted at all relevant times with malice and/or reckless indifference to Plaintiff's federally-protected rights. Denial of payment for half of Plaintiff's accrued, unused sick leave pursuant to the Corpus Christi Code Chapter 39 constitutes a willful violation of 29 U.S.C. § 623, and as such entitles Plaintiff and similarly situated individuals to recover liquidated damages.

25.     Additionally, Plaintiff seeks any and all equitable relief necessary to return him and all other similarly situated individuals to the position that they would have been in but for Defendant's unlawful discrimination.

## VI. SECOND CLAIM FOR RELIEF:
## VIOLATIONS OF CHAPTER 21 OF THE TEXAS LABOR CODE
## TCHRA AGE DISCRIMINATION

(On Behalf of Plaintiff and Similarly Situated Individuals)

26.     Plaintiff re-alleges and incorporates the allegations contained in the above paragraphs as if fully stated herein.

27.     As described above, Defendant's actions constitute unlawful discrimination on the basis Plaintiff's, and similarly situated individuals, age in violation of the Texas Commission on Human Rights Act Tex. Lab. Code § 21.001, *et seq*. The employment practices complained of above were

intentional.

28. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claims under the Texas Labor Code.

29. As a result of Defendant's unlawful discrimination, Plaintiff and similarly situated individuals have suffered and expect to suffer pecuniary losses, including but not limited to, lost wages and other benefits associated with their employment.

30. As a result of Defendant's discrimination, Plaintiff and similarly situated individuals have suffered non-pecuniary losses including, but not limited to, emotional pain, suffering, inconvenience, personal humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

31. Defendant acted at all relevant times with malice and/or reckless indifference to Plaintiff's – and similarly situated individuals – protected rights. Plaintiff therefore seeks punitive damages under the Texas Labor Code.

32. Additionally, Plaintiff seeks any and all equitable relief necessary to return himself and all similarly situated individuals to the position that they would have been in but for Defendant's unlawful discrimination.

33. Defendant's actions referenced in the paragraphs above have caused Plaintiff to retain the services of the undersigned counsel in order to pursue his state rights in this action. Consequently, Plaintiff seek attorneys' fees, expert costs and other costs of this suit under the Texas Labor Code.

### VII. THIRD CLAIM FOR RELIEF:
### BREACH OF CONTRACT & UNJUST ENRICHMENT

(On Behalf of Plaintiff and Similarly Situated Individuals)

34. Plaintiff re-alleges and incorporates the allegations contained in the above paragraphs as if fully stated herein.

35.     Defendant breached its contract with Plaintiff to pay him, and similarly situated individuals, in accordance with Corpus Christi Code Chapter 39, Section 39-339.

36.     At all times material to this complaint, Plaintiff and similarly situated individuals were ready, willing, and able to perform their part of the agreement between the parties, and did in fact perform each and every part of the agreed upon contract. In violation of all promises and obligations under the agreement described herein, Defendant failed to conform to the terms of the contract.

37.     Plaintiff and all similarly situated individuals fully performed all duties agreed upon under the contract, however Defendant has failed to compensate Plaintiff and similarly situated individuals fully, therefore Defendant has been unjustly enriched. Upon the completion of said obligation, Defendant failed to comply with the agreement with Plaintiff, and similarly situated individuals, as required under the contract, and this breach has proximately caused Plaintiff and similarly situated individuals to suffer actual, incidental, and consequential damages.

## VIII. COLLECTIVE ACTION ALLEGATIONS

38.     Pursuant to 29 U.S.C. § 216 (b), Plaintiff brings this action in his individual capacity and as a collective action on behalf of himself and other similarly situated individuals. On information and belief, Plaintiff alleges that is class-wide discrimination which has affected over 40 employees of the City – and maybe more – all of whom have exited employment pursuant to Corpus Christi Code Chapter 39, Section 39-339(a) in the last three to four years. Plaintiff seeks this Court's appointment and\or designation as representative of a class of similarly situated employees of the City who were subjected to Defendant's discriminatory employment practices as described herein. On information and belief, there are numerous employees who were not paid their accrued, unused sick leave in accordance with Chapter 39 of the Code of Ordinances of the City of Corpus Christi, Texas, Section 39-339(a). The questions of law and fact are common to the class of similarly

situated employees. The named Plaintiff specifically requests that he be permitted to serve as representative of the affected class and this collective action, pursuant to 29 U.S.C. § 216(b).

39. Based on the City's violations of its own City Ordinance, Petitioner alleges the City has a pattern and practice of discriminatory treatment of individuals who are 40 years of age or older (disparate treatment) and/or has employment practices that create an unlawful adverse impact on individuals who are 40 years of age or older (disparate impact).

### IX. DAMAGES & REQUESTED RELIEF

40. As a direct and proximate result of the City's discrimination on the basis of age and violation of the ADEA and TCHRA, Plaintiff and similarly situated individuals have suffered monetary losses.

41. Plaintiff would show that Defendant intentionally violated the ADEA and the TCHRA and is therefore liable to Plaintiff and similarly situated individuals for liquidated damages under the ADEA and punitive damages under the TCHRA.

42. As a result of Defendant's discrimination, Plaintiff and similarly situated individuals have suffered non-pecuniary losses including, but not limited to, emotional pain, suffering, inconvenience, personal humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary damages. Plaintiff therefore seeks non-pecuniary damages under the Texas Labor Code.

43. Plaintiff and similarly situated individuals are entitled to recover reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 626.

44. Plaintiff requests the judgment of this Court against Defendant as follows:

    a. Declaring this action to be an ADEA collective action properly maintained under 29 U.S.C. §216(b);

    b. Designating Plaintiff as representative of the Collective action;

    c. Designating Plaintiff's counsel as counsel for the Collective action;

    d. Rendering a declaratory judgment that the practices complained of herein are

  unlawful and violate the ADEA and the TCHRA;

e. Rendering a declaratory judgment that the practices complained of herein are unlawful and violate the parties' contract, pursuant to Chapter 39 of the Code of Ordinances of the City of Corpus Christi, Texas, Section 39-339(a);

f. Issuing a permanent injunction against the City and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in unlawful policies, practices, customs, and usages set forth herein;

g. Ordering the City to post notices concerning its duty to refrain from discriminating against employees on the basis of age;

h. Ordering the City to pay Plaintiff, and similarly situated individuals, monetary and liquated damages for harms suffered as a result of the City's violations of the ADEA and TCHRA;

i. Ordering the City to pay actual damages, punitive damages and liquidated damages in the maximum amount allowed by law;

j. Awarding Plaintiff, and similarly situated individuals, prejudgment and postjudgment interest at the prevailing rate on the compensatory damages as a result of Defendant's discriminating against them;

k. Awarding reasonable attorneys' fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

l. Awarding Plaintiff, and similarly situated individuals, such other relief as this Court deems just and appropriate.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon final trial on the merits, he and all similarly situated individuals recover judgment against Defendant any and all other

general or specific relief to which they prove themselves justly entitled.

                                                        Respectfully submitted,

                                                        **GALE LAW GROUP, PLLC**
711 N. Carancahua St., Suite 514
Corpus Christi, Texas 78401
Mailing Address:
P.O. Box 2591
Corpus Christi, Texas 78403
Phone Number: 361-808-4444
Fax Number: 361-232-4139

   */s/ Amie Augenstein*
Amie Augenstein
*Attorney-in-Charge for Plaintiff*
Texas Bar No. 24085184
Southern District Bar No. 2236723
Amie@GaleLawGroup.com

*/s/ Christopher J. Gale*
Christopher J. Gale
*Attorney for Plaintiff*
Texas Bar No. 00793766
Southern District Bar No. 27257
Chris@GaleLawGroup.com

### Demand for Jury Trial

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 38(b).